UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

| | | |
|---|---|---|
| HAMISU A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case # 1:19-cv-1069-DB |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | MEMORANDUM DECISION |
| | § | AND ORDER |
| Defendant. | § | |

## INTRODUCTION

Plaintiff Hamisu A. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner"), that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Act, and his application for supplemental security income ("SSI") under Title XVI of the Act. *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* docket entry dated November 23, 2020).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 7, 9. Plaintiff also filed a reply brief. *See* ECF No. 10. For the reasons set forth below, Plaintiff's motion for judgment on the pleadings (ECF No. 7) is **DENIED**, and the Commissioner's motion for judgment on the pleadings (ECF No. 9) is **GRANTED**.

## BACKGROUND

Plaintiff protectively filed his application for DIB on December 8, 2015, and his application for SSI on December 14, 2015. Transcript ("Tr.") 187-97. Both applications alleged disability beginning January 1, 2012 (the disability onset date), due to a left leg broken femur with surgical screw implant, pain, difficulty walking, a limp, and low back muscle spasms. Tr. 216. Plaintiff

subsequently amended his alleged disability onset date to December 29, 2015. Tr. 27-28. Plaintiff's claims were denied initially on April 26, 2016, after which he requested an administrative hearing. Tr. 74-75, 78-95. On April 11, 2018, Administrative Law Judge Hortensia Haaversen, (the "ALJ") conducted a video hearing from Falls Church, Virginia. Tr. 12, 24-55. Plaintiff appeared and testified from Buffalo, New York, and was represented by Kelly Laga-Sciandra, an attorney. *Id.* Stephanie R. Archer, an impartial vocational expert ("VE"), also appeared and testified at the hearing. *Id.*

The ALJ issued an unfavorable decision on October 1, 2018, finding that Plaintiff was not disabled. Tr. 12-19. On June 14, 2019, the Appeals Council denied Plaintiff's request for further review. Tr. 1-6. The ALJ's October 1, 2018 decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

## LEGAL STANDARD

### I.   District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

## II.   The Sequential Evaluation Process

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id.* § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the

Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in her October 1, 2018 decision:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2016;

2. The claimant has not engaged in substantial gainful activity since December 29, 2015, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*);

3. The claimant has the following medically determinable impairments: left femur fracture and status post open reduction and internal fixation with rod and screw; lumbar scoliosis; corticated ossific density in the left knee; hydrocele of the testicle; acute gastritis; eczema/cellulitis; and tinea pedis (20 CFR 404.1521 et seq. and 416.921 et seq.);

4. The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*).

5. The claimant has not been under a disability, as defined in the Social Security Act, from December 29, 2015 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

Tr. 12-19.

Accordingly, the ALJ determined that, based on the application for a period of disability and disability insurance benefits protectively filed on December 8, 2015, the claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act. Tr. 19. The ALJ also determined that based on the application for supplemental security benefits protectively filed on December 14, 2015, the claimant is not disabled under section 1614(a)(3)(A) of the Act. *Id.*

4

## ANALYSIS

Plaintiff asserts a single point of error, arguing that the ALJ erred in finding Plaintiff's impairment nonsevere. *See* ECF No. 7-1 at 10-18. Although the ALJ found several medically determinable impairments, she found that none of the impairments, alone or in combination, significantly limited Plaintiff's ability to perform basic work-related activities for 12 consecutive months. Tr. 15.

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77.

The Court has conducted a review of the scant (and often duplicative) medical records in this case and finds that the ALJ's determination was entirely correct. The ALJ appropriately discussed the medical evidence, the opinion evidence, Plaintiff's reported activities, and Plaintiff's testimony. Tr. 16-18. The evidence fails to show a medically determinable impairment that significantly limited Plaintiff's ability to perform basic work activities for a continuous 12-month period. Although the ALJ did identify jobs in the alternative (Tr. 18-19), she was not required do so, since Plaintiff had no determinable severe impairments, as borne out by the few records provided.

Furthermore, Plaintiff has the burden to provide evidence demonstrating disability. *See* 20 C.F.R. §§ 404.1512 and 416.912. He must demonstrate "that the impairment has caused functional limitations that precluded [him] from engaging in any substantial gainful activity for one year or

more," *Perez v. Astrue*, 907 F. Supp. 2d 266, 272 (N.D.N.Y. 2012) (citations omitted); *see also Woodmancy v. Colvin*, 577 F. App'x 72, 74 (2d Cir. 2014) (quoting 20 C.F.R. § 416.920(c)), *Greek v. Colvin*, 802 F.3d 370, 374 (2d Cir. 2015). Plaintiff did not meet this burden.

In accordance with the Commissioner's regulations, after a medically determinable impairment is established, the ALJ is required to assess the record to determine whether the impairment affected Plaintiff's ability to perform basic work activities. *See* 20 C.F.R. §§ 404.1521, 404.1529, 416.921, and 416.929. To be severe, an impairment must significantly limit the claimant's ability to perform basic work activities. *See* 20 C.F.R. §§ 404.1522 and 416.922. Basic work functions include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling. *Id.* The mere presence of a disease or impairment or establishing that a person has been diagnosed or treated for a disease or impairment, is not, by itself, sufficient to render a condition severe. *Ryan v. Colvin*, No. 15-CV-74S, 2017 WL 2240256, at \*3 (W.D.N.Y. May 23, 2017); *Howard v. Comm'r of Soc. Sec.*, 203 F. Supp. 3d 282, 296 (W.D.N.Y. 2016).

The ALJ discussed the rather sparse medical evidence and concluded that for the period under consideration, the evidence fails to support a severe impairment for the required 12 consecutive months. Tr. 16-17. Records note that Plaintiff was treated for acute gastritis (vomiting and an upset stomach) in January 2015. Tr. 253. He was discharged the same day after an administration of GI cocktails which greatly improved his symptoms. Tr. 260. X-rays of Plaintiff's left femur and hip post-dating his motorcycle accident approximately eight years prior noted only minor degenerative changes with no acute abnormality of the left femur or hip. Tr. 286. X-rays of the left knee at the same time were unremarkable. Tr. 288. Noted was slight scoliosis of the lumbar spine but otherwise unremarkable back studies. Tr. 289.

On occasion, Plaintiff described his back pain as intermittent. but at the same time, he denied back pain, joint pain or weakness. His knee was deemed to be stable with no effusion and good range of motion. Tr. 298. Although one visit noted that Plaintiff walked with a limp, a later visit noted that he walked with a normal gait, full range of motion and negative right and left straight leg raises. Tr. 305, 317. In December 2015, Plaintiff had normal gait, normal heel and toe walking, normal lower extremity strength and muscle tone, negative straight leg raising, intact sensation response, normal deep tendon reflexes, no spinal tenderness or spasm, and full range of motion with pain. Tr. 317. After falling off a step ladder the next month, he experienced spinal tenderness and walked with a limp. Tr. 323-24.

During examination for a lump on his right thigh in April 2016, Plaintiff denied back pain and he had normal range of motion and strength, normal shoulder and bilateral lower extremity strength, and normal deep tendon reflexes. Tr. 329-30, 366, 368. Eight months later, he sought treatment for right hand pain after he punched his brother in the head. Tr. 381-82. Thereafter in November 2017 and January 2018, Plaintiff complained of a skin condition, but he denied back pain, decreased range of motion, muscle pain, and muscle weakness. Tr. 374. He had normal posture and gait, normal neurological findings, and normal muscle strength and tone with no atrophy. Tr. 375, 380.

In addition to discussing the objective medical evidence, the ALJ also discussed the medical opinion evidence. Tr. 18. On April 18, 2016, Plaintiff underwent an internal medicine consultative examination with John Schwab, D.O. ("Dr. Schwab"). Tr. 343-46. Plaintiff reported that he fractured his left femur in 2009 or 2010; he said he occasionally had discomfort when it rained, but it was relieved with Motrin. Tr. 343. Plaintiff also alleged left leg numbness and back tightness and stated that medication provided back pain relief. Tr. 343. Plaintiff reported that he

cooked, cleaned, did laundry, shopped, performed childcare after school, watched television, listened to the radio, read, socialized with friends, sewed, and went fishing. *Id*.

During examination, Dr. Schwab noted normal gait and stance, Plaintiff walked on heels and toes without difficulty, he squatted to 60 percent, and he did not use an assistive device. Tr. 344. Plaintiff needed no help changing for the examination or maneuvering the examination table, and he could rise from a chair without difficulty. *Id*. He had full lumbar range of motion, straight leg raising was positive on the left and negative on the right, and he had normal strength in all extremities with no muscle atrophy. Tr. 345. Dr. Schwab opined that Plaintiff had no restrictions. Tr. 345. Accordingly, Dr. Schwab's examination findings and opinion also support the ALJ's step two finding.

The ALJ's finding was further supported by Plaintiff's reported activities of daily living. *See* 20 C.F.R. § 404.1529(c)(3)(i) (An ALJ may consider the nature of a claimant's daily activities in evaluating the consistency of allegations of disability with the record as a whole.); *see also Ewing v. Comm'r of Soc. Sec.*, No. 17-CV-68S, 2018 WL 6060484, at *5 (W.D.N.Y. Nov. 20, 2018) ("Indeed, the Commissioner's regulations expressly identify 'daily activities' as a factor the ALJ should consider in evaluating the intensity and persistence of a claimant's symptoms.") (citing 20 C.F.R. § 416.929(c)(3)(i)); *Poupore v. Astrue*, 566 F.3d 303, 307 (2d Cir. 2009) (claimant's abilities to watch television, read, drive, and do household chores supported ALJ's finding that his testimony was not fully credible).

In addition to the activities reported to Dr. Schwab, the record also shows that Plaintiff rode a bus for eight hours to see his son, drove a truck, took care of his mother, went to the library to use the internet, took the trash out, cut the grass, prepared full meals, went fishing, played pool and cards, and attended church daily. Tr. 265, 267-69. The record also shows that Plaintiff

continued to assist neighbors with snow removal and landscaping. Tr. 28-29, 31. The foregoing activities fail to show significant limitations with basic work activities such as walking, sitting, standing, lifting, pushing, pulling, reaching, and carrying.

Plaintiff here failed to meet his burden of proving that no reasonable factfinder could have reached the ALJ's findings on this record. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012). The Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise." *Morris v. Berryhill*, No. 16-02672, 2018 WL 459678, at *3 (2d Cir. Jan. 18, 2018) (internal citations and quotations omitted). In the end analysis, there is nothing more to discuss, and the Court finds no error in the ALJ's analysis.

<u>CONCLUSION</u>

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 7) is **DENIED**, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 9) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**. The Clerk of Court will enter judgment and close this case.

**IT IS SO ORDERED**.

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE